IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RAYMOND C. OWEN, | ) | 4:09CV3170 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Respondent's Motion for Summary Judgment. (Filing No. 9.) In support of his Motion, Respondent filed a Brief (filing no. 10) and relevant State Court Records (filing nos. 7 and 8.) Petitioner Raymond C. Owen ("Owen") filed a Motion to Overrule Motion for Summary Judgment (filing no. 11) and Brief (filing no. 12.) As set forth below, Respondent's Motion is granted.

## I.   BACKGROUND

On November 16, 2005, a jury found Owen guilty of two counts of first degree sexual assault. (Filing No. 7-5, Attach. 4, at CM/ECF p. 70.) The Sarpy County, Nebraska District Court thereafter sentenced Owen to serve a term of imprisonment of 10-15 years on the first count, and 20-25 years on the second count, to be served consecutively. (*Id.* at CM/ECF pp. 75-76.) Owen filed a timely direct appeal and the Nebraska Court of Appeals affirmed Owen's conviction and sentence in a detailed opinion on March 6, 2007. (Filing No. 8-2, Attach. 1, at CM/ECF pp. 1-12.) Owen filed a petition for further review, which the Nebraska Supreme Court overruled on April 18, 2007. (Filing No. 7-6, Attach. 5, at CM/ECF p. 2.)

Owen filed a verified motion for post conviction relief ("Post Conviction Motion") in the District Court of Sarpy County, Nebraska on December 6, 2007.

(Filing No. 7-7, Attach. 6, at CM/ECF pp. 11-24.)  The Sarpy County District Court denied the Post Conviction Motion, and Owen filed a timely appeal of that decision. (*Id.* at CM/ECF p. 1.)  The Nebraska Court of Appeals affirmed the denial of post-conviction relief on July 7, 2008. (Filing No. 7-8, Attach. 7, at CM/ECF p. 2.)  Owen filed a petition for further review of that decision, which the Nebraska Supreme Court denied on August 27, 2008.  (*Id.*)

Owen filed his Petition in this court on August 10, 2009.  (Filing No. 1.) Respondent thereafter filed his Motion for Summary Judgment, arguing that Owen's Petition is barred by the relevant statute of limitations.  (Filing No. 9.)  In opposition, Owen states that his failure to file the Petition within one year should be excused because he is actually innocent and has no legal training.  (Filing No. 12.)

## II.   ANALYSIS

### A.   Statute of Limitations

"The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, sets a one-year statute of limitations for seeking federal habeas corpus relief from a state-court judgment." *Lawrence v. Florida*, 127 S. Ct. 1079, 1082 (2007) (citing 28 U.S.C. § 2244(d)(1)).  This one-year limitation period runs from the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); *see also Riddle v. Kemna*, 523 F.3d 850, 852 (8th Cir. 2008) (indicating that a postconviction case is pending, and the limitations period is tolled, from the filing of the postconviction motion until the mandate issues). Here, there is no indication that the Petition was filed within one year of the dates specified in § 2244(d)(1)(B)-(D). The issue, therefore, is whether the Petition was filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Here, the limitations period began to run on July 17, 2007, 90 days after April 18, 2007, the date on which Owen's direct criminal appeal became final. *See, e.g.*, *Riddle,* 523 F.3d at 852 (reiterating that, where a petitioner seeks review from the state's "court of last resort," the one-year limitations period begins to run when the 90-day period for seeking a writ of certiorari in the United States Supreme Court expires); Sup. Ct. R. 13 ("The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate."). Owen filed his Post Conviction Motion on

3

December 6, 2007. Thus, 142 passed between the conclusion of direct review and the filing of the Post Conviction Motion. As set forth above, the limitations period was tolled from December 6, 2007, until the conclusion of Owen's appeal relating to his Post Conviction Motion.

The limitations period began to run again on November 25, 2008, 90 days after August 27, 2008, the date on which Owen's post-conviction appeal became final. Owen did not file his Petition in this court until August 10, 2009. (Filing No. 1.) Thus, an additional 258 days passed between the conclusion of Owen's post-conviction appeal and the filing of the Petition in this court. Together, a total of 400 elapsed between the conclusion of direct review and the filing of the Petition. In light of this, the court finds that Owen's Petition was not timely filed.

### B.     Equitable Tolling

Owen argues that the untimeliness of his Petition should be excused because he is "actually innocent" and because he has no legal training and nobody told him about the limitations period. (Filing No. 12.) The Eighth Circuit has held that equitable tolling may be applied to the AEDPA statute of limitations. *See, e.g.*, *Riddle v. Kemna*, 523 F.3d at 857. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* (quoting *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006)). However, "[e]quitable tolling is 'an exceedingly narrow window of relief.'" *Id.* (quoting *Jihad v. Hvass*, 267 F.3d 808, 805 (8th Cir. 2001)). Stated another way, "[a]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002) (quotation omitted).

Further, in order for a claim of "actual innocence" to toll the statute of limitations under 28 U.S.C. § 2244(d)(1)(A), a petitioner must:

> [S]how some action or inaction on the part of the respondent that prevented him from discovering the relevant facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition with the period of limitations.

*Flanders*, 299 F.3d at 978.  Thus, unless a petitioner submits evidence showing that the state prevented him from discovering the facts "soon enough to enable him to bring a timely habeas petition," a claim of actual innocence will not toll the statute of limitations.  *Id.* at 977.  Where a petitioner does "nothing for many years" to investigate an actual innocence claim, a petitioner "has not been diligent in acting to protect her right to federal habeas review of her conviction" and equitable tolling is not appropriate. *Baker v. Norris*, 321 F.3d 769, 772 (8th Cir. 2003); *see also Maghee v. Ault*, 410 F.3d 473, 476-77 (8th Cir. 2005) (affirming denial of equitable tolling where the petitioner did not diligently pursue his post conviction case and was "at fault" for failure to make inquiries and clear up confusion regarding the state-court proceedings).

Owen argues that he is innocent.  As set forth above, in order to toll the statute of limitations based on an "actual innocence" claim, Owen must present evidence that he diligently pursued his claims but that the State prevented him from timely filing his petition.  He has not done so.  The only evidence before the court shows that Owen let 142 days pass before filing his Post Conviction Motion, and then simply allowed another 258 days to pass before filing his Petition.  All of the actions taken by Owen to pursue his rights could have been taken earlier, but Owen chose to wait. There is nothing in the record showing that Respondent prevented Owen from timely filing his Petition and his "actual innocence" claim therefore does not excuse the untimely Petition.

Owen also argues that equitable tolling is appropriate because he has no legal training and nobody told him about the limitations period. (Filing No. 12.) However, "[p]risoners are not exempt from the principle that everyone is presumed to know the law and is subject to the law whether or not he is actually aware of the particular law of which he has run afoul." *Baker,* 321 F.3d at 772 (affirming denial of equitable tolling where the petitioner argued that she didn't know of AEDPA's limitations period and that law library time was inadequate). In addition, equitable tolling is not appropriate simply because the petitioner has a "lack of legal knowledge or legal resources." *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). These claims are therefore insufficient to support a claim of equitable tolling. In short, Owen has not pursued his rights diligently, nor does it appear that any extraordinary circumstance stood in Owen's way of timely filing his Petition. The court finds that equitable tolling does not apply and Owen's Petition is barred by the limitations period set forth in 28 U.S.C. § 2244(d)(1)(A).

IT IS THEREFORE ORDERED that:

1.      Respondent's Motion for Summary Judgment (filing no. 9) is granted. Petitioner Raymond C. Owen's Petition for Writ of Habeas Corpus (filing no. 1) is denied in all respects and this action is dismissed with prejudice.

2.      A separate judgment will be entered in accordance with this Memorandum and Order.

3.      Petitioner's Motion to Overrule Motion for Summary Judgment (filing no. 11) is denied.

December 10, 2009.                   BY THE COURT:

                                     *Richard G. Kopf*
                                     United States District Judge

6